IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 18 CR 606 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| JOSE SANCHEZ. | ) |

**MEMORANDUM OPINION AND ORDER**

A federal grand jury returned an indictment against Jose Sanchez on two counts: one for knowingly receiving child pornography, a specific jpg file identified in the indictment; and one for knowingly possessing "an image of child pornography," stored on a Seagate 320 gigabyte hard drive. (Dkt. 1). Sanchez moves to dismiss Count One, arguing first, that on its face, the Indictment fails to allege separate images in Counts One and Two thereby violating the Double Jeopardy Clause; and that because it is not known whether the image charged in Count One is also contained on the drive charged in Count Two, the separation-of-powers principle prohibits charging a defendant with both "receipt" and "possession" of child pornography based on a single image. (Dkt. 188; *see also* Dkt. 189 (memorandum in support)).[1] Although the Indictment could have been drafted more accurately, it is still legally sufficient, and therefore, Plaintiff's motion to dismiss is denied. (Dkt. 188).

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). When considering a motion to

---

[1] Sanchez also submits in his motion to dismiss—but not clearly in his memorandum of law in support—that he should be sentenced "under the statute and sentencing guidelines for 'possession' of child pornography rather than those for receipt." (Dkt. 188). But a motion to dismiss an indictment is not the proper vehicle for a sentencing challenge (for a defendant who has not pleaded guilty and who, until at least a month ago, had a trial scheduled), and so, the Court will not consider it. Sanchez is, of course, free to raise the point again at the appropriate time.

dismiss a criminal indictment, a court assumes all facts are true and views them in the light most favorable to the government. *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) (per curiam) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case."). For the following reasons, the motion to dismiss is denied. (Dkt. 188).

The Double Jeopardy Clause bars "multiple punishments for the same offense in a single trial absent legislative intent to the contrary." *United States v. Faulds*, 612 F.3d 566, 569 (7th Cir. 2010); *see also Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *United States v. Morgan*, 929 F.3d 411, 421 (7th Cir. 2019). The test to determine whether there are "two offenses or only one" comes from *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions … each provision requires proof of a fact which the other does not." *United States v. Burrows*, 905 F.3d 1061, 1065 (7th Cir. 2018) (quoting *Blockburger*, 284 U.S. at 304); *see also United States v. Larsen*, 615 F.3d 780, 786–87 (7th Cir. 2010) ("The familiar *Blockburger* test focuses on the statutory elements of the separate offenses.").

The two relevant laws here are 18 U.S.C. § 2252A(a)(2)(A) and § 2252A(a)(5)(B). (*See* Dkt. 1). Section 2252(A)(a)(2)(A) criminalizes the interstate receipt of child pornography, whereas § 2252A criminalizes the possession of child pornography that has traveled interstate. Sanchez maintains that his possession of an image of child pornography required receipt of the same image; thus, every necessary fact to prove receipt would be necessary to prove possession. (Dkt. 189 at 2–3). There is no separate "proof of fact." *Blockburger*, 284 U.S. at 304.

Relying on *Ball v. United States*, 470 U.S. 856 (1985), which involved receipt and possession of a firearm, at least three circuits agree with the principle that, under *Blockburger*, a court cannot enter judgment against a defendant on both charges when the person receives an

2

image of child pornography that he continues to possess. *See United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008) ("[W]e conclude that, under the *Blockburger* test, the offense of possessing child pornography is a lesser included offense of the receipt of child pornography."); *United States v. Miller*, 527 F.3d 54, 72 (3d Cir. 2008) ("We therefore conclude that *Ball* controls our analysis, and that possession of child pornography in violation of § 2252A(a)(5)(B) is a lesser-included offense of receipt of child pornography in violation of § 2252A(a)(2)."); *United States v. Ehle*, 640 F.3d 689, 695 (6th Cir. 2011) ("'Possessing' child pornography is a lesser-included offense of 'receiving' the same child pornography, meaning the two statutes proscribe the same offense."). The Seventh Circuit has, so far, declined to decide the issue, although it has acknowledged that its earlier cases might conflict with Supreme Court precedent and the unanimous view of other circuits. *See United States v. Halliday*, 672 F.3d 462, 469 (7th Cir. 2012) ("Admittedly, the reasoning of these cases is now in question, both because of our more recent views of the scienter requirement in possession cases, and because of how our sister circuits have viewed possession and receipt in the child pornography context."); *see also United States v. Burrows*, 905 F.3d 1061, 1065 (7th Cir. 2018); *Faulds*, 612 F.3d at 571.

The government contends that the Indictment avoids the double-jeopardy question because different images form the basis of each separate count. (Dkt. 194 at 4).

> The images that form the basis for Count One's receipt charge include chats with a minor who sent defendant child pornography in November 2014 at his request, whereas the images that form the basis for Count Two's possession charge include, for example, a child pornography video involving a toddler that was found stored on defendant's hard drive in September 2015.

(*Id.*) The only way to glean this position from the Indictment, however, is by the combination of the fact that the dates for each offense are different, and the fact that count one contains the name of the file, whereas count two provides the serial number for the hard drive. (Dkt. 1 at 1–2).

Undoubtedly, the Indictment lacks precision and detail. *See United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case."). For instance, if many images underpin the second count, why is every reference to "*an* image of child pornography"? (Dkt. 1 at 2) (emphasis added). In the end, the Court does not need to address whether the Indictment flunks the *Blockburger* test or whether the barebones indictment survives the forgiving standard it is held to.

The Supreme Court's opinion in *Ball v. United States*—relied upon by the three circuits that Sanchez cites—explains a distinction that resolves this motion. 470 U.S. 856. In *Ball*, the government convicted the defendant of receiving an illegal firearm, in violation of 18 U.S.C. § 1202(a)(1), and possessing that same illegal firearm, in violation of 18 U.S.C. § 922(h)(1). *Id.* at 857. The defendant argued that his conviction for both counts violated the Double Jeopardy Clause. The Supreme Court agreed. "Congress did not intend to subject felons to two convictions; proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." *Id.* at 862. But, as explained twice, this conclusion does not prevent the government from seeking "a multiple-count indictment against a felon for violations … involving the same weapon where a single act establishes the receipt and possession." *Id.* at 865. The government enjoys "broad discretion to conduct prosecutions." *Id.* at 859. Nothing in the Constitution frustrates the ability to prosecute a defendant simultaneously for a crime that has a lesser-included offense. *Id.* The upshot is simply that "the accused may not suffer two convictions or sentences on that indictment." *Id.* at 865.

Applying this rule, even assuming the indictment rests on a single image, that poses no constitutional problem. *See id.* at 859. The government can seek "a multiple count indictment … where a single act establishes [] receipt and possession." *Id.* The Double Jeopardy Clause—again,

4

accepting the single-image assumption and an extension of *Ball* to the laws at hand—would only prevent Sanchez from "suffer[ing] two convictions or sentences on that indictment."[2] *Id.* at 865.

Sanchez's alternative argument is that "[t]he statutory scheme for 'receipt' and 'possession' violates the separation of powers doctrine." (Dkt. 189 at 3). But the paragraphs that follow do not relate to the separation of powers.[3] Perhaps for good reason. "Separation of powers" is not a legal doctrine, provision, constitution, or law. It is a general principle of law, albeit one that informs many areas of law. Examples include the anticommandeering principle, *Murphy v. National Collegiate Athletic Association*, 138 S. Ct. 1461 (2018), the rejection of the legislative veto, *INS v. Chadha*, 462 U.S. 919 (1983), and the removal doctrine for executive-branch officials, *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020).

It appears, instead, that Sanchez takes issue with the fact that "receipt" of child pornography carries a mandatory minimum of five years and a maximum sentence of twenty years, whereas "possession" of child pornography has no mandatory-minimum sentence and a ten-year statutory maximum. (Dkt. 189 at 3–4). Several jurists and legal commentators have criticized the sentencing scheme. "The puzzle is why receiving … should be punished more severely than possessing, since possessors, unless they fabricate their own pornography, are also receivers." *United States v. Richardson*, 238 F.3d 837, 839 (7th Cir. 2001). The Sentencing Commission, too, has noted "there is no rational basis to treat" the offenses "differently under … penal statutes." (Dkt. 189 at 6). Add into the mix some of the reasoning described above: when the government bases the indictment on a single image, the defendant would be better off proceeding to trial and arguing that he both received and possessed the image because the offense with the heavier

---

[2] To be clear, the Court takes no position on the merits of Sanchez's double-jeopardy argument should he choose to make it again at any other point.
[3] Sanchez's reply brief, filed days past the deadline, muddles the point even further, ultimately adding only one unilluminating paragraph. (Dkt. 92 at 3–4).

sentence would—at least in some circuits—be subsumed by the possession conviction, resulting in a more lenient term-of-imprisonment range. As Sanchez notes, though, the Seventh Circuit has repeatedly upheld the laws against a variety of challenges. *See, e.g.*, *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004) (equal protection and due process); *United States v. Watzman*, 486 F.3d 1004, 1009–10 (7th Cir. 2007) (vagueness). This Court must follow binding precedent and, so, reject any similar argument that Sanchez attempts to formulate.

## CONCLUSION

For these reasons, the Motion to Dismiss count one of the Indictment is denied. (Dkt. 188).

_____
Virginia M. Kendall
United States District Judge

Date: August 14, 2023